IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ernest Hall,                           :

        Plaintiff            :      Civil Action 2:09-cv-00792

v.                                     :      Judge Holschuh

Nurse Goodman,                         :      Magistrate Judge Abel

        Defendant            :

## Initial Screening Report and Recommendation

Plaintiff Ernest Hall, a prisoner at the Southern Ohio Correctional Facility, brings this action complaining about medical care. Plaintiff's motion to proceed without pre-payment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint does not satisfy the requirements of Rule 8(a), Federal Rules of Civil Procedure, that it "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain state-ment of the claim showing that the pleader is entitled to relief . . . ." Further, Hall filed this very same claim earlier this year with this Court at Cincinnati, where claims against

employees of the Southern Ohio Correctional Facility are properly venued, S.D. Ohio Civ. Rule 82.1(c); and the Court dismissed the complaint on initial screening. *Ernest Hall v. Nurse V, et al.*, 1:09-cv-381 (S.D. Ohio, July 23, 2009 Order).

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Moreover, *pro se* prisoner complaints must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Analysis. Plaintiff Hall has not filed a complaint. The papers submitted by him allege that medication prescribed by a doctor caused plaintiff Hall to spit up blood at night. The papers submitted by Hall do not explain how Nurse Goodman's conduct caused him injury. He merely asserts that she is the head nurse, not that she took any action to injure him. To establish liability under §1983, a plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). *Respondeat superior* is not a basis for liability. *Polk Co. v. Dodson*, 454 U.S. 313, 325 (1981); *Rizzo v.*

*Goode*, 423 U.S. 362, 371 (1976). A supervisor is not liable unless the supervisor encouraged or somehow participated in the actionable events. There is no liability under 42 U.S.C. §1983 for "mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Further, the decision in *Ernest Hall v. Nurse V, et al.*, 1:09-cv-381 is *res judicata. See, J.Z.G. Resources, Inc. v. Shelby Insurance Company*, 84 F.3d 211, 214 (6th Cir. 1996). Finally, the papers do not allege subject matter jurisdiction and they do not identify the federal claim plaintiff Hall seeks to plead.

Accordingly, the Magistrate Judge **RECOMMENDS** the complaint be dismissed for failure to satisfy the requirements of Rule 8(a), Federal Rules of Civil Procedure and because Judge Dlott's decision in *Ernest Hall v. Nurse V, et al.*, 1:09-cv-381 is *res judicata*. Defendant does not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED. The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

Pursuant to 28 U.S.C. §1915(b)(1), the custodian of plaintiff Ernest Hall's inmate trust account (#224-414) at the institution where he now resides is directed to submit to the Clerk of the United States District Court for the Southern District of Ohio, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six (6) months immediately preceding the filing of the complaint.

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff Hall's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full fees of three hundred and fifty dollars ($350) have been paid to the clerk of this court. 28 U.S.C. §1915(b)(2). See, *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, OH 43215

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

                                                                                          s/Mark R. Abel
                                                                                          United States Magistrate Judge

# INSTRUCTIONS FOR PAYMENT OF PRISONER FILING FEE AND SUBSEQUENT INSTALLMENT PAYMENTS

_____

The prisoner shown as the plaintiff on the attached order has filed a civil action <u>in forma pauperis</u> in this court and owes the court a filing fee. Pursuant to 28 U.S.C. §1915(b)(1) and (2), the fee is to be paid as follows:

> The initial partial fee listed on the attached order should be deducted by the prison cashier's office from the prisoner's account, when funds are available therein, until the initial partial fee is paid. A check (or checks) in the appropriate amount(s) should be attached to a form like that accompanying these instructions and sent to the address indicated below.

> Following the payment of the initial partial fee and continuing thereafter until the full fee has been paid, monthly payments of 20% of the preceding month's income credited to the prisoner's account should be deducted and forwarded to the court each time the amount in the account exceeds $10.

If the prisoner has filed more than one complaint in this district, (s)he is required to pay a fee in each case. The prison cashier's office shall make the monthly calculations and payments for each case in which it receives an order granting <u>in forma pauperis</u> status and these instructions. **The prisoner's name and case number must be noted on each remittance.**

Checks are to be made payable to:

> **Clerk, U.S. District Court**

Checks are to be sent to:

> **Prisoner Accounts Receivable**
> **260 U.S. Courthouse**
> **85 Marconi Blvd.**
> **Columbus, OH 43215**